UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
May 20, 2005

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

HUBERT EARL TEAGUE,            )
                 Petitioner,   )
                               )
v.                             )            7:02-CV-248-R
                               )
DOUGLAS DRETKE, Director,      )
Texas Department of Criminal Justice,  )
Correctional Institutions Division,    )
                 Respondent.   )

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 by an inmate

who, at the time of filing, was confined in the Allred Unit of the Texas Department of Criminal

Justice ("TDCJ") in Iowa Park, Texas.  On November 16, 2004, a hearing was conducted in this

matter.  Pursuant to the record in this case, including the testimony and evidence brought forth

during the hearing, the Court finds and orders as follows:

This is a habeas proceeding which involves Petitioner's claim that he was denied due process

in a prison disciplinary action at the James V. Allred Unit.  Teague was found guilty of making an

unauthorized commodity exchange with another offender, Melvin Jordan, by having Jordan deposit

$225.00 into Teague's inmate trust account.  Teague's punishment consisted of 15 days of solitary

confinement, 45 days of commissary and recreation restrictions, a reduction in his custodial

classification from minimum to medium custody, a reduction in his good-time earning rate, the

forfeiture of $225.00 and the forfeiture of 30 days of previously earned good-time credits.

Teague is serving a 45 year sentence for burglary of a habitation.  *Petition p. 2.*  He is eligible for mandatory supervised release when his time served plus his accrued good-time credits equals his 45 year sentence.  *See Petition p. 5.*  Therefore, Teague has a constitutionally protected liberty interest in his accrued good-time credits.  This put a burden on TDCJ officials to afford Teague a certain degree of due process in the disciplinary proceeding.  *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).  Those due process protections are (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken.  *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S.Ct. 2963, 2979 (1974).  Federal habeas review of the sufficiency of the evidence is extremely limited.  Due process requires only "some evidence to support the findings made in the disciplinary hearing."  *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768, 2775 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619 (1982).  In addition to the due process safeguards outlined above, the Fifth Circuit Court of Appeals has held that it is a due process violation to punish a prisoner for conduct that he could not have known was prohibited.  *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994); *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984).

Teague has raised a number of claims related to the denial of due process in his disciplinary proceeding.  He argues that he was not on notice that the conduct charged was prohibited, that he

was not notified of the disciplinary charge within thirty days of the alleged act as required under

TDCJ guidelines, that he was denied a fair and impartial hearing officer, that he was denied the right

to call witnesses, that he was denied the right to confront the charging officer and that there was no

evidence to support the finding of guilt.  *Petition pp. 7-7C.*

Respondent first argues that Teague is procedurally barred from bringing two of his grounds

for relief: (1) that the hearing officer turned the tape recorder off during the hearing while Teague

was presenting evidence and (2) that $225.00 was forfeited from Teague's inmate trust account as

a result of the finding of Teague's guilt.  *Respondent's Answer pp. 6-7.*  In his petition, Teague

states:

> Captain Patty denied my request to call witnesses ... denied my request to have the charging
> officer present ... allowed the written statement of the charging officer to stand alone ...
> predetermined my guilt of the offense ... [and] stopped the tape during the hearing while
> evidence was still being presented by me.

*Petition p. 7B.*  Taken in the context in which Teague made the statement that the hearing tape was

turned of during the proceeding, it is readily apparent that the statement is an allegation of fact

offered in support of his claim that he was denied a fair hearing rather than a separate ground for

habeas relief.

A prison grievance is considered sufficient if it gives officials a fair opportunity to address

the problem that will later form the basis of a lawsuit.  *Johnson v. Johnson*, 385 F.3d 503 (5th Cir.

2004).  The amount of information required depends upon the nature of the problem that the inmate

is complaining about.  *See id.*  In the instant case, Petitioner alleges several due process violations

including a claim that he was denied a fair and impartial hearing officer.[1]  Review of the Step 1 and

Step 2 grievances filed by Teague reflects that, although he failed to present his allegation that the

tape recorder was turned off during the hearing, his grievances were sufficient in providing notice

to TDCJ officials that he was complaining about being denied a fair and impartial hearing because

of a biased hearing officer.[2]  *See Respondent's Answer, Exhibit D at pp. 1-4.*  Because Teague's

allegation of fact regarding the hearing tape is not a separate and independent ground for habeas

relief, it cannot be dismissed for failure to exhaust administrative remedies.

Respondent urges the Court to dismiss Teague's complaint regarding the $225.00 that was

forfeited from his inmate trust account for failure to exhaust administrative remedies because Teague

never complained about the forfeiture in his grievances.  *Respondent's Answer pp. 7-8.*  The money

forfeited from Teague's account was the amount placed into the account by Melvin Jordan.  The

money was taken by TDCJ as a result of the finding that the funds were deposited in violation of

TDCJ Rules.  *See Administrative Directive, Respondent's Hearing Exhibit No. 1 at p.4.*  In that

context, the forfeiture of the money was a punishment imposed for a rule violation rather than a

ground for habeas relief.

Teague's constitutional claims related to the disciplinary action are fully exhausted and

TDCJ officials were, therefore, on notice of the claims underlying the instant action.  Obviously,

---

[1] In a prison disciplinary action where a constitutionally protected liberty interest is at stake, accused inmates are entitled to appear before a hearing officer who will make a fair, impartial and informed decision. *See Morrissey v. Brewer*, 408 U.S. 471, 486, 92 S.Ct. 2593, 2602 (1972).

[2] In his Step 1 grievance, Teague complained, *inter alia*, that "the hearing officer was not fair or impartial."  In his Step 2 grievance , Teague complained of insufficient evidence, false disciplinary charges, denial of a full and fair review, denial of witnesses, unfair disciplinary proceeding and more.

TDCJ officials are aware of the punishments they impose upon offenders found guilty of violating prison rules.  The Court finds that, in bringing due process challenges to prison disciplinary actions, inmates are not required to specifically identify each punishment with which they disagree. Obviously, if an inmate believes that his due process rights were violated in a disciplinary proceeding, he would take issue with all punishments imposed.  However, for different reasons, the Court finds that Teague has waived any claim to the $225.00.

Although Teague states in his petition that the money was taken from his account by TDCJ officials, he makes no claim that the money was his, that he was entitled to the money at the time of the forfeiture or that he is now entitled to the money.  During the hearing, Teague testified that he told Jordan not to send him any money and that he was not aware of the deposit until after it occurred.  Teague testified that he offered to send the money back and he testified that Jordan does not owe him any money.  Based upon his own testimony, the funds deposited into Teague's account did not belong to him, but rather to Jordan.  The TDCJ Administrative Directive is clear, that funds deposited into an inmate trust account by another inmate through an outside bank, which happened in this case, are subject to forfeiture as a violation of TDCJ rules.  Teague testified that Jordan was also disciplined by TDCJ authorities for making the deposit.  Because it was Jordan's money that was forfeited, any claim for recovery of the funds must be brought by Jordan, the owner of the funds at the time of the deposit according to Teague himself.

The Court will now address each of Teague's constitutional claims in turn.  Teague first claims that he was not on notice that the conduct charged was prohibited.  He argues that the TDCJ Disciplinary Rules and Procedures in effect at the time of the deposit did not prohibit "the

unauthorized transfer of money from one offender to another." *Petitioner's Reply to Respondent's Answer p. 6.* Citing Respondent's Answer, Exhibit B at p. 9, Teague argues that this language was added to the Disciplinary Rules in a March 2002 revision which went into effect after the deposit was made into his account by Jordan. *Id.* Indeed, Respondent's Exhibit B at p. 9 reflects that the rules were revised in March 2002. Assuming that the truth of Teague's argument, a reading of the Disciplinary Rule in it's entirety reveals that the language allegedly added in 2002 is clarifying language and that the rule already prohibited "[t]he unauthorized ... exchange or transfer of any commodity from any individual ...." *Respondent's Answer, Exhibit B p. 9.* During the hearing, Teague testified that he asked Jordan not to deposit any money into his account because he had been disciplined for the same offense a year earlier. Thus, it is clear that Teague was aware that the unauthorized transfer of money between inmates was prohibited. He is not entitled to relief on this ground.

In his next ground for relief, Teague claims that he was not notified of the disciplinary charge within thirty days of the alleged act as required under TDCJ guidelines. Teague does not dispute that he received 24 hours notice of the charge prior to the hearing. The fact that the charge was not served upon him within thirty days after the deposit is of no moment. The record reflects that, under TDCJ guidelines, inmates are supposed to be served with disciplinary charges "within thirty (30) days of discovery of the alleged violation." *Respondent's Answer, Exhibit B p. 3.* The deposit into Teague's account occurred on November 6, 2001. *Id. at Exhibit C p. 5.* A hold was place on the account the next day. *Id.* However, the investigation into the suspected rule violation was not

completed until December 10, 2001. *Id at p.3; Respondent's Answer, Exhibit B p. 27.* Teague was

notified of the charge the next day. *Respondent's Answer, Exhibit C p. 1.*

On this ground for relief, the Court agrees with Respondent. An alleged disciplinary

violation cannot be "discovered" until an investigation, if any, concludes that a violation likely

occurred thereby initiating the disciplinary process along with it's attendant time-lines. Clearly, an

investigation into an incident could result in a finding that no rules were violated. If such an

investigation were to take more than thirty days, it would require that TDCJ serve the innocent

suspect with a disciplinary case, even though the investigation is not completed. Moreover, and

more importantly, a failure to follow institutional rules and regulations, standing alone, does not

constitute a violation of Plaintiff's rights. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

"A prison official's failure to follow the prison's own policies, procedures or regulations does not

constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v.

Klavenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). "Mere failure to accord the procedural protections

called for by state law or regulation does not of itself amount to a denial of due process." *Giovanni

v. Lynn*, 48 F.3d 908, 912 (5th Cir.), *cert. denied*, 516 U.S. 860, 116 S.Ct. 167 (1995). In the case

at bar, Petitioner has failed to demonstrate any prejudice or due process concerns arising out of the

alleged five-day delay in serving him with notice of the disciplinary action. Therefore, he cannot

prevail on this ground for relief.

Next, Teague alleges that he was denied the right to appear before a fair and impartial

hearing officer. In the context of a prison disciplinary action, the impartial tribunal requirement

dictates that an official with direct, personal or other substantial involvement in the circumstances

giving rise to the charge may not participate as a hearing officer. *Rhodes v. Robinson*, 612 F.2d 766, 773 (3d Cir. 1979); *Wilson v. Superior Court*, 21 Cal. 3d 816, 825, 148 Cal. Rptr. 30, 37, 582 P.2d 117, 124 (1978). Additionally, a hearing officer should not have any pre-existing bias or opinion which would preclude him from making a fair, impartial and informed decision. *See Morrissey v. Brewer*, 408 U.S. 471, 486, 92 S.Ct. 2593, 2602 (1972).

In the instant case, Petitioner states that, as he entered the hearing room and before the tape recorder was turned on, the hearing officer, Steve Patty, stated, "I don't give a shit what you say or present, I have already seen all I need to and you are guilty." *Petition p. 7.* Teague states that, when he asked to read his prepared statement, Patty said, "Go ahead, but you are wasting my time." *Id.* Teague argues that Patty predetermined his guilt, denied his request to call witnesses, denied his request to confront the charging officer and made an erroneous finding of guilt despite the complete lack of evidence. *Id.*

As a preliminary matter on this ground for relief, the Court notes that, in prison disciplinary proceedings, confrontation and cross-examination of witnesses are not constitutionally required. *Wolff*, 418 U.S. at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994). Additionally, prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. Therefore, Teague cannot prevail on his claims that he was denied the right to confront the charging officer or that he was denied witnesses.

At the hearing in this case, Steve Patty testified that he did not make the statement regarding guilt alleged by Teague to have occurred immediately prior to the hearing. He further stated that

-8-

he disallowed witnesses because the evidence clearly showed that the money was deposited into Teague's account.  Patty testified that Jordan was disallowed as a witness because all he could say was that he deposited the money into the account.  Patty testified that a copy of the check and the trust fund deposit slip showed that Teague was guilty.  The Court finds it striking that, other than the disagreement between the parties over whether or not the finding of guilt was pre-determined, the testimony of Teague and Patty is not in conflict.   With regard to Teague's claim that there was no evidence to support the finding of guilt, the Court finds as follows:

Teague was charged with making "AN UNAUTHORIZED COMMODITY EXCHANGE TO (OFFENDER JORDAN, MELVIN AND TCDJ NO. 818527) BY HAVING OFFENDER (JORDAN) PLACE A SUM OF ($225.00) DOLLARS ONTO HIS TRUST FUND ACCOUNT." *Respondent's Answer, Exhibit C p. 1.*  Teague freely admits that Jordan placed the money into his account, a fact confirmed by the testimony and evidence submitted during the Court's hearing.  *See Respondent's Hearing Exhibit #1.*  However, Teague testified that he did not "have" Jordan deposit the money and that he was not aware that Jordan deposited the money.  There was no testimony or evidence presented at this Court's hearing to refute this argument.  Review of the record in this case reflects that the offense report, which Patty partially relied upon in making his decision, states that "OFFENDER TEAGUE DID HAVE OFFENDER JORDAN PLACE A SUM OF $225.00 ONTO HIS TRUST FUND ACCOUNT ..."  *Respondent's Answer, Exhibit C p. 2.*  However, the Preliminary Investigation Report contains nothing to support this finding.  *Id. at p. 3.*  Therefore, the finding appears unreliable.

Review of the record in this case and of the transcript of the disciplinary hearing reveals that there is nothing in the record to support a finding that Teague "had" Jordan deposit the money into his account. In fact, the only evidence adduced at the hearing on this point was Teague's statement that he had no knowledge of the deposit. *See Respondent's Hearing Exhibit #1 at pp. 6 & 8.* Teague asked that Jordan be called as a witness to substantiate his claim and, at the Court's hearing on this matter, Patty testified that Jordan was available, but not allowed to testify because the evidence showed that the money was deposited and because all Jordan could say was that he made the deposit. While the evidence at the disciplinary hearing showed that Jordan made an unauthorized deposit, there was no evidence to show that Teague "had" Jordan make the deposit or that Teague was aware of the deposit. Therefore, the Court finds that there was no evidence sufficient to support the finding of guilt against Teague.[3]

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] At the hearing in this case, Counsel for Respondent questioned Teague regarding allegations that he was accepting money from other inmates or their relatives in exchange for providing legal assistance. However, there was no such allegation presented anywhere in the disciplinary record. Therefore, such accusations were not before the disciplinary hearing officer for consideration at the time of the disciplinary action. The Court notes that Teague denied accepting payment for legal services at this Court's hearing.

The United States Supreme Court has held that due process in the context of a prison disciplinary proceeding requires that there be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768, 2775 (1985). In the case at bar, there was no evidence to support the finding that Petitioner was guilty of having Jordan deposit money into his trust account. Therefore, the hearing officer's decision was contrary to clearly established federal law as determined by the U.S. Supreme Court.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is GRANTED. Within thirty (30) days of the date of this order, Respondent shall restore thirty (30) days of good-time credits to Petitioner and, within ten (10) days thereafter, Respondent shall file a statement with this Court indicating that Petitioner's good-time credits have been restored.

A copy of this Order shall be mailed to Petitioner and to Counsel for Respondent.

SO ORDERED this 20th day of May, 2005.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

-11-